Good morning to the court. My name is Lauren Quisitello and I represent Silvano Lopez-Angel who is the petitioner in this case. I would like to reserve two minutes for rebuttal. Watch the clock and I'll try to help you. Yes, Judge, thank you very much. Mr. Lopez-Angel was forcibly removed by the government from the United States while he was pursuing an appeal to the Board of Immigration Appeals of the immigration judge's the 2013 removal order in his case. While he was facing criminal prosecution here in the Southern District of California, his court-appointed counsel, Mr. Finais, filed a motion to reopen based on this court's decision in DiMaio v. Lynch, which completely removed the legal basis for the immigration judge's finding in 2013 that Mr. Lopez had been convicted of an aggravated felony and was not eligible to apply for cancellation of removal after more than 20 years as a lawful permanent resident in this country. After this court's decision in DiMaio, there was no legal basis for that finding and Mr. Finais filed a motion to reopen for that reason. Within 90 days of the court's decision, the new information that gave rise to the new legal reasoning in the case. Once that motion was denied by the immigration judge while the criminal case was still pending, Mr. Finais pursued an appeal to the Board of Immigration Appeals and a briefing schedule was issued. And then while that briefing schedule was in effect, the department forcibly removed Mr. Lopez-Angel from the United States because the criminal case was dismissed after a district court judge found that the underlying 2013 removal order was no longer legally valid because it rested on the premise that had been found unconstitutional by this court's decision in DiMaio. Three days after the criminal case was decided, the department forcibly removed Mr. Lopez-Angel. And then the Board of Immigration Appeals found that although Mr. Lopez had filed a motion to reopen, had Mr. Finais had even requested an extension of the briefing, after the criminal case had been dismissed, indicating he still intended to file a brief although there was no longer a criminal case to defend, the department found, the board found that Mr. Lopez had abandoned his appeal, that he had withdrawn his appeal. There's nothing in the record to suggest that Mr. Lopez wished to withdraw or abandon his request for relief in this deals with this situation. Is there any other case law in the country that deals with this? Well, the Madrigal v. Holder case, the Sixth Circuit case, which was also cited by this court in its decision in Madrigal v. Holder. Right, right. I'm just, we've done some research and trying to figure out the Sixth Circuit rules your way and what I think is a very convincing opinion. I'm just trying to figure out whether there's any case law to the contrary. I'm not aware of contrary case law with this fact pattern. Many of the cases involve inadvertent but voluntary in the sense that they were the result of actions by the person who was subject to the removal order, decisions to depart the United States. And we'll see one of those later today. I'm just asking about this fact pattern. Any other case law that you've come up with? No, I'm not aware of other circuit courts that ruled in line with the Madrigal decision interpreting the definition of departure in the context of forcible removal. And in fact, it's a question that the Board of Immigration Appeals explicitly left open in the Diaz-Garcia decision in which it found that when the removal order is unlawfully executed, it can't be that the regulation means that that is a departure and explicitly left open the question whether a forcible removal pursuant to a lawful order of removal should be considered a departure. But both Madrigal and the decision that it discusses, the long decision from the Fifth Circuit, both of those cases are resting on general waiver principles in interpreting the meaning of the word departure and the full context of that regulation, which is that departure shall be construed as a withdrawal of an appeal that has already been filed. Didn't the Sixth Circuit decision, Madrigal, involve stronger due process concerns? Because in that case, the petitioner had filed for a stay of removal, and while that motion was still pending, DHS removed the petitioner. Here, the petitioner didn't file for a stay of removal. Do you know why the petitioner didn't file for a stay of removal? For the majority of the time while the motion to reopen and even the appeal was pending, Mr. Lopez was in the custody of the United States Marshals Service and was not yet in the custody of the Department of Homeland Security. The Department only really gave Mr. Lopez less than 72 hours between when the criminal case was dismissed and he was removed. The removal order was executed, and it was executed as a reinstatement of the 2013. So there was no process, nor was there any notification to counsel that Mr. Lopez would be removed, to counsel that the removal order was pending execution, such that there was any ability for anybody to seek a stay in that short period of time. There's also no regulatory requirement, nor has this court ever required that people be informed of their right to seek a stay of removal. Certainly, Mr. Lopez was not informed that failing to do so would constitute a withdrawal of the appeal that he had asked his counsel to file on his behalf and the notice of appeal that he had signed. There's nothing in that document saying that failure to seek a stay of an appeal when that appeal is of the denial of a motion to reopen, that that would constitute waiver. There are notifications related to departure that one receives in court, but Mr. Lopez never went to court in 2015 in front of any immigration judge. You can have, in other contexts, pretty severe adverse consequences. Maybe not a waiver of appeal if you don't file a stay. For example, in a civil case, if you don't file a stay of judgment while your appeal is pending, you have to pay that money. Or in a criminal case, if you don't file a stay of sentencing, you go to prison, even though you may have a valid appeal and you may ultimately be vindicated, but you'll go to prison if you don't file a stay of a sentence. I was just trying to figure out if there was any, other than just lack of notification, any other reason why the petitioner didn't file for a stay of removal. I think there simply was not time. Really, it's clear from the record in this case, both of the underlying removal and of the filing of the motion to reopen, that the assistance of counsel was integral to every form of relief that Mr. Lopez Angel ever sought. That the underlying removal proceedings reflect repeated requests to continue so that he could seek counsel and ultimately he was removed after being unable to find counsel. And that it was court-appointed counsel in the criminal case that filed this motion to reopen in the first place. That if a stay was available or necessary, the record indicates that Mr. Lopez Angel was not capable of seeking that kind of relief on his own. That the relief that has been sought has all been sought through counsel. And unlike the criminal case in which he was entitled to the appointment of counsel by the court, the only way the motion to reopen was even filed in the first place was because it was so intertwined with the elements of the criminal offense with which he was charged such that his Sixth Amendment right to counsel benefited him in his ability to seek this relief. Otherwise, he would never have had the assistance of court-appointed counsel as someone who the district court did find was unable to afford counsel even in the criminal case where his liberty was at stake. The relief you seek in this case is for us to tell the BIA to reinstate his appeal? Yes, Your Honor, to consider the merits of the appeal. Yes. And again, I think really there's two different ways that the court could resolve this case. One is to find that the withdrawal of appeal regulation is invalid if the board's decision is considered an interpretation. But I think the simpler and really more consistent with the law interpretation is to find that forcible removal does not constitute a departure. It's just a matter of statutory or regulatory construction. Right. And because this was a one-member board decision with no argument and no publication, it's not entitled to any deference. This court's decision in Coit invalidating... And it would be strange to give deference even if we did to a one-judge decision on an issue that the entire BIA had left open. Exactly, Your Honor. And for that reason, the line of cases on which we rely, not just Madrigal from the 6th, but this court's decisions in both Coit and Torr indicate that this court's interpretation of departure throughout the immigration regulations related to waiver and abandonment of claims all indicate that there must be some volitional component to the interpretation. And the court's questions are well taken on this point, that failure to act can be considered volitional in an instance where a person is not informed of the supposed relief that might be available, the steps that one could take. And in the absence of any regulatory requirement that a person take those steps, that interpretation of departure, that a departure is only considered to be involuntary if a person took every possible legal step that is available to someone under the regulations, again, is not consistent. Well, we don't have to go that far in this case, do we? Thinking of Judge Lee's question, let's assume the government said to someone, we're going to deport you in a month unless you seek a stay. And the petitioner said, I really don't want to seek a stay. Perhaps under those circumstances, we might find that his departure was voluntary. I don't know. A fact finder might. But those are not the facts of your case. Well, the record does not reflect those as the facts of our case. There certainly was no written notification to Mr. Lopez of the right to seek a stay. And there was no written waiver or written indication that he did not wish to do so. And any communication about stay is something that would have been oral and is not before the court, which is part of the problem with the government-suggested interpretation. If this court were to review the question of whether a person had departed in the context of whether that person made a volitional choice to not avail himself of available procedures, the question is then what evidence should be in the record to decide that question. It's certainly not a question that was decided by the board or based on any evidence. The board's opinion suggests, if anything, that it determines any exit from the United States to be considered a departure. And that's not consistent with this court's decisions in Coit or Tour. And that is very similar to the situation that the Sixth Circuit addressed in Madrigal. Unless departure is considered to be volitional, and there's evidence of a volitional act, a person should not be considered to have waived their important legal and procedural right to appeal the denial of a motion, especially considering that that underlying statutory right has numerical limits, that a person can't, after removal, try again. If Mr. Lopez is not entitled to review of this motion that he filed, he will never be able to file another motion to reopen this 2013 removal order, despite a district judge's finding that it was legally invalid, despite the Supreme Court's later validation of the decision that formed the basis for this motion, he would be deprived of all review. I'm keeping track of time for you. Yes, Your Honor. Unless there are any further questions, I'm willing to reserve the rest. Thank you very much. May it please the Court, Victoria Braga, appearing on behalf of the Attorney General. The Court should deny this petition for review because the agency appropriately applied the departure waiver regulation in Petitioner's case. Can I read you from the concur... I want to read you the first two sentences of the concurring opinion in Madrigal v. Holder. This is by Judge Kethledge. The government forcibly removed Maria Madrigal from the United States and now claims she abandoned her appeal because she left the country. To state that argument should be to refute it. Can you refute it? So, I think that there are distinguishing factors in Madrigal. The facts are a little bit worse for the government, but they're pretty bad in this case, too. And the only issue is whether or not Mr. Lopez can pursue an appeal that he might well lose. Because even if his conviction is invalid, he still has to demonstrate the equities to stay in the country. Why are we here? Why is the government fighting this? Because the departure withdrawal regulation does not provide that all involuntary departures... The regulation can apply in the case of involuntary departures, and I think the Madrigal court recognizes that. I want to go back to Madrigal. So Madrigal does emphasize that the petitioner didn't do anything to abandon or relinquish her right to appeal. Madrigal dealt with a sort of different situation than in this case. It was an in absentia order of removal that the petitioner in Madrigal was seeking to reopen. There is no right to appeal an in absentia order of removal. Your only recourse is to file a motion to reopen with the immigration judge, and then if that is denied, to appeal to the Board of Immigration Appeals. In this case, it is not an in absentia order. It is an order of removal that the petitioner is moving to reopen. The petitioner chose back in 2013 not to appeal his initial order of removal to the Board of Immigration Appeals. But that may just be that he waived his appeal on that initial order of removal. All motions to reopen deal with a final order of removal, do they not? Right. So that matters at this point, because had petitioner initially appealed his order of removal to the Board of Immigration Appeals, he would be moving to reopen then with the Board of Immigration Appeals, not the immigration judge. So he wouldn't be in a situation, one that he's put himself in by not appealing his initial order of removal, where he's moving to reopen with the immigration judge, and then having to appeal that decision to the Board of Immigration Appeals, which through his departure through a reinstated order, which was also entered by fault of his own when he illegally reentered the United States while under an order of removal. So he put himself in a situation where the departure withdrawal regulation does... He put himself in a situation where the regulation would apply to him if he departed the country. So the question for us is, when the government forcibly removed him, does that constitute departure? Tell me why that constitutes departure. Well, it constitutes departure in the circumstances of this case. As I just mentioned, petitioner's actions leading up to his removal while his pending with the Board, serve as an indication that he did not prevent the regulation from applying in his case. As Judge Lee mentioned, he did not file first day of removal. Petitioner's counsel indicated that that was because he was not represented or because there wasn't time. Well, he was in the custody of the United States government, correct? He was in the custody of the United... Until about 72 hours before he was removed. Yes, he was, but I believe he was not represented during that time period. So I believe that he... In the immigration matter. Well, at that point he had filed a motion to reopen, I believe, through counsel, and then counsel appealed the denial of the motion to reopen to the Board, so I think that he was represented. So you view the failure to seek a stay as a voluntary departure from the country? Well, it's one fact in addition to the other facts that I've mentioned that indicate that here petitioner's actions are volitional or voluntary in a way that the government was permitted to remove him. Did he voluntarily leave the country? He was removed from the country. And voluntarily, he didn't consent to removal, did he? The government removed him from the country. Right, I mean, we don't have to parse words. He didn't voluntarily leave the country. He didn't voluntarily walk across the border. Okay, so if we interpret the word departure in the regulation, which the Attorney General wrote, as only coloring a voluntary departure, then you lose, correct? If that's the way that the court interprets the phrase, and the court determines that here the departure was not voluntary, then... Well, it's plain that departure was not voluntary. You may argue that he didn't fight it enough, but you took him... I mean, I assume he was shackled and taken to the border and put on a bus somewhere, correct? He was removed, I don't know... I mean, this is not an invol... There's nothing about this that's voluntary. Let me ask the question in a different way. Same facts as this case, except instead of the government removing him, a bunch of guys show up and throw him in the trunk of a car and drive him to TJ. Would the facts of this case be any different? I think it would depend on the circumstances surrounding... Well, he was involuntary. I don't think he... Let's assume he did not voluntarily get in the trunk and said, okay, okay, okay, I'm getting in the trunk, and they just drive him to TJ. I think that would be a different case, and that would be... Why? Well, that would be for the board to address in the first instance. I think that... But under your theory of the case, he didn't choose to get into the trunk of that car. He was involuntarily removed. So what's the difference? Well, I think our theory would be that it depended on his actions leading up to that instance. Identical. So instead of getting on the bus, he gets in the trunk. Well, so even the Sixth Circuit in Madrigal has recognized that there is not a blanket exception for involuntary departure. So I think you would have to inquire into the circumstances of that involuntary departure and then possibly hold that that involuntary departure did not constitute a departure. But I don't think the Sixth Circuit's decision goes so far as to say that the court must find this departure involuntary or that the court must find that the regulation should not apply in this case. But I'm still trying to understand, and maybe there isn't an answer to it, how it's any different under your reading of the regulation if the government forcibly puts you on a bus versus if a bunch of guys forcibly put you in the trunk. The guy ends up in Mexico under either scenario. Right, so they would both be involuntary departures, and then our position... Well, if they're both involuntary, then you're saying that therefore there's some exception for some involuntary departures under 1003.4. I think, I mean, the board has recognized an exception for an unlawful removal, which I guess would be an involuntary departure. The Sixth Circuit obviously is recognizing an exception to an involuntary departure that's based just on a removal. Well, that's not quite what they said. What they said was there may be circumstances where it's clear that even though you were removed, you've in effect consented to being removed. And under those circumstances, we don't have to reach them today. We might have a voluntary departure. But that's not this case, is it? We can't read into the facts of this case Mr. Lopez-Angos' consent to being removed, can we? I think you can look at his actions, the actions that I referenced before, and the fact that he did not appeal his initial order of removal. The fact that he illegally reentered the country, and he's subject to a reinstatement order. That's a separate order of removal. And again, the fact that he did not, while represented by counsel, file for a stay of removal. So I don't understand Petitioner's timing argument about filing for a stay or the custody argument. At the point that Petitioner files an appeal from his motion to reopen to the Board, that's the point to move for a stay of removal. But counsel, if he keeps trying to get back to the country, isn't that evidence that it wasn't a voluntary removal? I mean, if he keeps coming back, that means he probably didn't want to leave in the first place. Which would suggest it was involuntary. Well, that's true. I think there's a difference between your desires and your volitional acts. So people can do things that they don't necessarily want to do, or people can put themselves in situations where they're having to do something that they don't necessarily want to do. So Mr. Lopez-Angos, I think, put himself in a situation where the regulation was appropriately applied in his case. Petitioner also tries to analogize this case to this Court's departure bar cases. But I think importantly, in the departure bar cases, the Court relied heavily on the fact that an alien has a statutory right to file a motion to reopen. An alien does not have a statutory or a constitutional right to file an appeal from an immigration judge's decision. So the Attorney General could have perhaps, legally and constitutionally, written a regulation that said, if you depart or are removed, then you lose your right to appeal. But the regulation the Attorney General wrote says departure. So I get back to the question, I guess, that I asked at the beginning. Why should we interpret the word departure to include forcible removal? Departure seems to me to—it has about it a sort of volitional air. I'm departing today. If I may add to Judge Hurwitz's comment, doesn't the word departure in its ordinary meaning suggest some volitional activity? So, for example, if someone said the suspect departed from the crime scene, I think a reasonable person would interpret that to mean the suspect, out of his own volition, fled, as opposed to the police arrested him. I don't think anyone would say the suspect departed from the crime scene to mean that the police came and forcibly arrested the suspect. So, I mean, it seems like the ordinary usage of the term departed or departure suggests some element of volitional activity by the party here. Well, I think even the Sixth Circuit has recognized that departures can be involuntary. I think the court has referenced today several ways in which a departure can be involuntary. Again, this is a regulation that the Board is interpreting, so the court owes deference to the interpretation. No, we don't owe deference in this case. It's a one—it's a one judge, if you will, one BIA member stuff, and our case law is quite clear. At most, that gets our deference, which means we look at it and see if we think it's right. If the entire Board interpreted the way you say, we probably would have to give it to our deference, but the entire Board left the issue open. So, our deference is—our deference is, gee, are you right? It's not anything more than that. So, our position is that our deference is a deferential standard. This court has said in Lozama-Garcia, it's quoted ours, saying that the Board's interpretation of its own ambiguous regulations is controlling unless plainly erroneous or inconsistent with the regulation. Do we give our deference to a one judge decision? To the extent that it is the Board interpreting a regulation— No, don't we have cases that say we don't give our deference to a one judge decision? I'm sorry, I'm not aware of those cases. If that's the case, the Board— By the way, I'm gratified to see the administration in favor of our, but you're not—my guess is that some of your colleagues may be arguing differently to a different set of judges, but that's okay. So, I think that to your point before, as to what departure means, it is obviously ambiguous and the Board has consistently interpreted departure to mean a departure in various sets of circumstances. But the Board has never decided an involuntary departure case, correct? The full Board? Other than, I believe it's Diaz-Garcia where they talked about an unlawful— Unlawful removal, they said, was not a departure. So, they've specifically reserved this question and the Board here is applying it in the case of a removal, again, a removal under a reinstated order. Just another note on Mr. Lopez-Angel's actions, he also had the right to appeal the reinstated order and chose not to do that. There's only certain grounds that you can raise challenges to a reinstated order and he chose not to appeal the DHS's reinstatement. I want to direct your attention to a similar departure regulations, 8 CFR 1003.2D, and that states, any departure from the United States including the deportation or removal of a person who is subject to exclusion, deportation, or removal proceedings occurring after the filing of a motion to reopen or motion to reconsider shall constitute a withdrawal of such motion. Here, in the regs here, the government explicitly said define departure to include deportation or removal. In the regulation at issue in this case here, the government didn't define the regs include that. So, why doesn't that suggest here departure shouldn't be defined to include removal or deportation? Well, so in the regulation that Your Honor just read, it indicates that departure does include those circumstances including a deportation or removal. So, I think that that is evidence that the board's interpretation in this context and in others that a removal is included within the meaning of the term departure. Doesn't that suggest otherwise? If they use that language in one reg but not in the other, doesn't that suggest we have to at least presume they intentionally didn't include that in that regulation? I see my time has expired. May I briefly answer the question? Absolutely. Thank you. So, again, I think it's language that could have been put into the regulation. I don't think the presence of language in one place in the manner that you just suggested, suggesting that departure and removal and deportation are included in the word departure necessarily means that when that phrase is not included in the departure withdrawal regulation, it means that departure cannot include deportation or removal. And if there are no further questions, we ask the court to deny the petition for review. Thank you. Thank you. Do you have some time left for rebuttal? Thank you. This court's decision in Lozama-Garcia indicated that the board's interpretation of a regulation when there is some interpretation of that regulation is only entitled to deference to the extent that the reasoning is persuasive. The government... We can argue about what our deference means, but it's entitled... We should look at it with respect and see if we think it's right. Here, there's no reasoning whatsoever. There's nothing for this court to review. The court simply states the regulation and states that Mr. Lopez has departed from the United States. It does not indicate why it's reaching this conclusion in the shadow of the Diaz-Garcia open question that the whole board had left open, why in this case it is finding that an involuntary removal counts as a departure. And this court analyzed an almost identical regulation in Coit. The only difference between the regulation that was invalidated in Coit and this is that the regulation invalidated in Coit was relating to presenting motions to reopen in the first instance, that if a person departs the United States after filing a motion to reopen, but before that motion has been decided, the motion shall be deemed withdrawn. Here, if a person departs the United States after filing an appeal, but before that appeal has been decided, the appeal is deemed withdrawn. And this court found in Coit that as applied to people who are involuntarily removed from the United States, that regulation, the abandonment or withdrawal regulation, the departure bar to filing motions to reopen or to having them decided was invalid. Here, the court doesn't have to come up with a full definition of what departure means, just has to decide how it should apply to Mr. Lopez, who we all agree did not choose to leave the United States and did not want to withdraw his appeal in this case. Thank you very much to the court. Thanks to both counsel for their arguments. This case will be submitted. Thank you very much.
judges: Hurwitz, Owens, Lee